

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

### NO. WR-81,863-01

### EX PARTE KORBIN WATTS, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 11-CR-0955-G IN THE 319TH DISTRICT COURT
### FROM NUECES COUNTY

*Per curiam*.

### O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of possession of methamphetamine with intent to deliver and sentenced to life imprisonment. The judgment was affirmed on direct appeal. *Watts v. State*, No. 13-11-00476-CR (Tex. App.—Corpus Christi-Edinburg Aug. 23, 2012) (not designated for publication).

Applicant contends, among other things, that his open plea was involuntary because counsel did not correctly advise him of the applicable punishment range. The writ record contains no record of admonishments and no response from counsel. Applicant has alleged facts that, if true, might

entitle him to relief. In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court shall order trial counsel to respond to Applicant's involuntary plea claims. The trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d).

If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall make findings of fact and conclusions of law in regard to Applicant's claim that his plea was involuntary. The trial court shall make specific findings addressing counsel's advice to Applicant about the applicable punishment range. The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all plea papers, the record from Applicant's guilty plea, all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall be obtained from this Court.

Filed: October 1, 2014
Do not publish